IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH D. ANDRESS and<br>AMY L. ANDRESS<br>  *Plaintiffs*<br><br>VERSUS<br><br>RAUSCH, STURM, ISRAEL,<br>ENERSON & HORNIK, LLP, and<br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>  *Defendants* | CIVIL ACTION NO. _____<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW INTO COURT through undersigned counsel come the plaintiffs herein, Joseph D. Andress and Amy L. Andress, who respectfully allege and aver as follows:

I. INTRODUCTION

1. This is an action for damages brought by individual consumers for the defendants' violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and insures that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

II. JURISDICITION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k, 28 U.S.C. §§ 1331 and 1337.

III. PARTIES

3. Made plaintiffs herein are Joseph D. Andress and Amy L. Andress (hereinafter "Plaintiffs"), who are both natural persons who reside and are domiciled in Saint Martin Parish, Louisiana, and are "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Made defendant herein is Rausch, Sturm, Israel, Enerson & Hornik, LLP (hereinafter "Rausch") who is a foreign partnership organized under the laws of the State of Wisconsin and with a registered address of 250 North Sunnyslope Road, Suite 300, Brookfield, Wisconsin 53005. Rausch, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as that term is defined under the FDCPA.

5. Also made defendant herein is Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA"), a limited liability company organized under the laws of the state of Delaware, whose principal business office is located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502. PRA, at all times relevant hereto, regularly attempted to collect debts alleged to be due another and is a "debt collector" as that term is defined under the FDCPA.

IV. FACTUAL ALLEGATIONS

6. On or about September 17, 2019, a credit card account ending in 7743 (hereinafter "Account 7743") was transferred from U.S. Bank National Association d/b/a Elan Financial Services to Defendant, PRA. Account 7743 was a credit card account belonging to Plaintiffs with an alleged balance at the time of transfer of $11,172.16. Please see **Exhibit A**.

7. On September 28, 2019, PRA sent a demand letter to Plaintiffs alleging a balance due of $11,172.16 on Account 7743. Please see **Exhibit B**.

8. On February 11, 2020, PRA sent a demand letter to Plaintiffs alleging a balance due of $11,172.16 on Account 7743. Please see **Exhibit C**.

9. In mid-February 2020, Plaintiff Joseph Andress called PRA and spoke with a representative named Cecilia. Cecilia indicated that the balance on the account was $11,172.16 and also discussed a potential settlement of the account for $5,873.61. No agreement to settle the account was reached.

10. On April 28, 2020, Plaintiff Joseph Andress again called PRA. Plaintiff spoke with a representative named Latonya Arrington and then with a supervisor named Joyce. The parties discussed

settling the account in the range of $2,400.00 to $4,700.00. No agreement to settle the account was reached.

11. On May 8, 2020, Plaintiff Joseph Andress spoke via telephone with a representative of PRA named Nakia Garner. Ms. Garner discussed the balance on Account 7743 and discussed settling the account in the $2,300.00 to $4,700.00 range. No agreement to settle the account was reached.

12. On May 27, 2020, Plaintiff Joseph Andress spoke via telephone with representatives of PRA named Angelica Pedrozia and Wendy Bartoli. Both Ms. Pedrozia and Ms. Bartoli indicated that they were with the "litigation department" of PRA. Ms. Bartoli further indicated that she was a supervisor in that department. During that phone conversation the balance on Account 7743 was discussed and settlement options on the account were discussed in the $7,800.00 to $9,000.00 range. Later that same day, PRA sent a letter to Plaintiffs outlining the potential settlement terms discussed in the phone call. Please see **Exhibit D**.

13. On June 27, 2020, PRA sent another identical settlement letter to Plaintiffs. Please see **Exhibit E**.

14. On July 29, 2020, Rausch sent a letter to Plaintiffs indicating that Account 7743 had been transferred to them for collection. This letter alleged a balance due on the account of $11,172.16. Please see **Exhibit F**.

15. On July 30, 2020, Plaintiff Joseph Andress spoke with a representative of Rausch named Derwin Brown. Mr. Brown discussed the account and settlement offers were exchanged in the $2,500.00 to $8,900.00 range.

16. On September 28, 2020, Rausch sent a letter to Plaintiffs alleging a balance due on Account 7743 of $41,244.82. Please see **Exhibit G**.

17. Plaintiffs received the September 28th letter sometime in early October. Upon reviewing the letter, Plaintiffs got on the Rausch website to see about obtaining information on the huge balance

increase.  The Rausch website showed a balance due of $41,244.82 on Account 7743 and listed settlement options on the account in the $30,000.00 range.  Please see **Exhibit H**.

18.  On November 6, 2020, Plaintiff, Amy Andress sent a letter to Rausch via email and U.S. mail.  This letter indicated that the amount of the alleged debt was disputed and it requested proof of the balance that was allegedly due on the account.  Please see **Exhibit I**.

19.  On November 20, 2020, having not received a response to the dispute letter, Plaintiff Joseph Andress called Rausch and spoke with a representative named Kelsey Thompson.  Ms. Thompson indicated to Plaintiff that the balance due on the account was $41,244.82.  Plaintiff Joseph Andress verbally notified Ms. Thompson that the alleged balance of $41,244.82 was disputed.  Ms. Thompson indicated that there was a note on the file that written verification of the balance due had been mailed out to the Plaintiffs.

20.  On or about November 30, 2020, Plaintiffs received a packet in the mail from Rausch.  The packet contained a letter dated November 19, 2020.  This letter indicated that the balance due on the account is $41,244.82.  Also included in the packet were purported monthly statements on the account.  The latest of these monthly statements is dated August 2019 and lists a balance due of $11,172.16.  Please see **Exhibit J**.

21.  On the same date that Plaintiffs received the packet, Plaintiffs also received a separate letter from PRA on Account 7743.  This letter alleges a balance due of $11,172.16.  Please see **Exhibit K**.

22.  Plaintiffs have maintained and repeatedly notified the Defendants that the alleged balance of $41,244.82 is disputed and is in error.  Despite this, Defendants have continuously attempted to collect the higher, inaccurate amount and have sent numerous contradictory statements of the alleged balance due.

## V. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendants, Rausch and PRA, violated numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g, and 1692j.

24. Defendants have engaged in harassment and abuse of the Plaintiffs by continually seeking to collect on an alleged debt amount that is grossly overstated and inaccurate in violation of 15 U.S.C. § 1692d.

25. Defendants have made false, deceptive and misleading representations to the Plaintiffs in that they have repeatedly misstated the amount allegedly due on the account at issue in violation of 15 U.S.C. § 1692e.

26. Defendants have engaged in the use of unfair and unconscionable means in an attempt to collect on the account at issue by grossly inflating the amount sought to be collected, by failing to adequately investigate the Plaintiffs legitimate dispute as to the alleged balance due, and by failing to cease collection activity on the account until the Plaintiffs dispute was adequately addressed in violation of 15 U.S.C. § 1692f.

27. Defendants have failed to adequately validate the debt and have continued collection activity on the account despite the Plaintiffs pending, unresolved dispute in violation of 15 U.S.C. § 1692g.

28. Defendants have furnished deceptive forms to the Plaintiffs in that the forms, letters and statements furnished to the Plaintiffs by the Defendants are contradictory and inaccurate in violation of 15 U.S.C. § 1692j.

29. Plaintiffs have suffered actual damages and injury, including, but not limited to, stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, for which they should be compensated in an amount to be proven at trial.

30. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, adverse action instances, costs and time of efforts to repair credit,

pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

31. Plaintiff demands a jury trial.

WHEREFORE the Plaintiffs, Joseph D. Andress and Amy L. Andress, respectfully request that the Court grant the following relief in her favor and against the defendants, Rausch, Sturm, Israel, Enerson & Hornik, LLP and Portfolio Recovery Associates, LLC, for:

A. Statutory damages;

B. Actual damages;

C. Additional damages;

D. Punitive damages;

E. Attorney fees, court costs, and litigation expenses; and

F. Such other and further relief that the Court deems due and appropriate.

Date: December 16, 2020                              RESPECTFULLY SUBMITTED:


/s/ J. David Andress
J. David Andress (27944)
ANDRESS LAW FIRM, LLC
1604 W. Pinhook Rd., Suite 100
Lafayette, LA 70508
Telephone: (337) 347-9919
Facsimile: (337) 541-2553
Email: david@andresslawfirm.com
Attorney for the Plaintiffs